LEECH TISHMAN NELSON HARDIMAN
Allen B. Grodsky (SBN 111064)
*agrodsky@leechtishman.com*
1100 Glendon Avenue, 14th Floor
Los Angeles, CA 90024
Telephone: (310) 203-2800
Facsimile: (310) 203-2727

Attorneys for Plaintiff
Advent Software, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADVENT SOFTWARE, INC.,<br>Plaintiff,<br>vs.<br>ADVENT AI, INC.,<br>Defendants. | Case No. 3:26-cv-06187<br>**COMPLAINT FOR TRADEMARK INFRINGEMENT, VIOLATION OF SECTION 43 OF THE LANHAM ACT, UNFAIR COMPETITION, AND DILUTION**<br>**DEMAND FOR JURY** |

Plaintiff Advent Software, Inc. ("Plaintiff" or "Advent") hereby alleges as follows:

## THE PARTIES

1. Plaintiff Advent is a corporation organized and existing under the laws of Delaware, with its principal place of business in San Francisco, California.

2. Plaintiff is informed and believes, and thereon alleges, that Defendant Advent AI, Inc. is a corporation organized and existing under the laws of Florida with its principal place of business in Weston, Florida.

## JURISDICTION AND VENUE

3. This is an action under the Lanham Act, 15 U.S.C. § 1114, 1125(a), and California common law.

4. This Court has subject matter jurisdiction over the Lanham Act claims pursuant to 15 U.S.C. § 1121 (actions arising under the Lanham Act), 28 U.S.C. § 1331 (federal question), 1338(a) (any Act of Congress relating to patents or trademarks), and 1338 (b) (any action asserting claim of unfair competition joined with a substantial and related claim under the trademark law).

5. This Court has supplemental jurisdiction over the California state law claims pursuant to 28 U.S.C. § 1367 because those claims are so closely related to the federal claims asserted herein as to form part of the same case and controversy.

6. Venue is proper pursuant to 28 U.S.C. § 1391(b) because this is a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, given that, this is a district where consumers are likely to be confused by Defendant's use of Plaintiff's ADVENT Marks (as defined below).

## DIVISIONAL ASSIGNMENT

7. Pursuant to ND Cal. Local Rule 3-5(b), the case should be assigned to the San Francisco Division because, given the location of Plaintiff's principal office in San Francisco, the damage caused by trademark infringement occurred in San Francisco County.

## ADVENT'S VALUABLE TRADEMARKS

8. Advent is a global provider of financial technology, serving investment and wealth managers, hedge fund managers, and managers of alternative investments, among others. Advent provides a broad portfolio of solutions, including software-based solutions, across areas including portfolio management and reporting, trading, accounting, compliance, investor management

and others. Advent's solutions make it easier for firms to find, adopt, and scale the technology they need to maximize operational efficiency and fuel growth. Advent integrates artificial intelligence ("AI"), machine learning, and natural language processing into its technology to enhance its software-based solutions.

9. Advent is the owner of the valid and subsisting United States trademark registrations on the Principal Register in the United States Patent and Trademark Office ("USPTO") for the trademarks/service marks set forth in the paragraphs below for the goods/services indicated (collectively, the "ADVENT Marks"). Attached as Exhibit 1 are true and correct copies of the registration certificates for the ADVENT Marks as issued to Advent by the USPTO.

10. Registration No. 3,816,929 for the trademark ADVENT (the "'929 Mark") was issued on July 13, 2010, for the following services:

- Class 35: "Providing online data processing and management services, namely, compiling and entering data for the purpose of financial portfolio management and reporting, financial instruments trade order management, corporate action management, financial instrument trading compliance, investment revenue management, investment billing management, investment account billing management, receivables tracking, revenue distribution reporting…"
- Class 42: "Application service provider, namely, online managed hosting of software applications for data management in the fields of financial portfolio management and reporting, financial instruments trade order management, corporate actions data processing and management, financial instrument trading compliance, investment revenue management, investment billing management, investment account billing, receivables tracking, revenue distribution and reporting, and straight-through electronic data processing and management."

(These services are collectively referred to as the "'929 Mark Services").

11. Advent has used the ‘929 Mark in interstate commerce in the United States continuously since at least as early as 2009 in connection with the provision, offering for sale, sale, marketing, advertising, and promotion of the ‘929 Mark Services.

12. Registration No. 3,913,845 for the trademark ADVENT (the “‘845 Mark”) was issued on February 1, 2011, for the following Class 9 goods: “Research management software, namely, computer software for the collection, editing, organizing, modifying, bookmarking, transmission, storage and sharing of data and information” (the “‘845 Mark Goods”).

13. Advent has used the ‘845 Mark in interstate commerce in the United States continuously since at least as early as 2010 in connection with the provision, offering for sale, sale, marketing, advertising, and promotion of the ‘845 Mark Goods.

14. Registration No. 3,465,867 for the trademark ADVENT SOFTWARE (the “‘867 Mark”) was issued on July 15, 2008, for the following goods in Class 9: “Computer software, and manuals sold as a unit, for use in the fields of financial management, investment tracking, portfolio analysis, portfolio management, investment reporting, investment performance measurement and analysis, financial instrument trades tracking, account reconciliation and accounting, investment revenue management, investment billing management, and investment account billing, receivables tracking, revenue distribution and reporting” (the “‘867 Mark Goods”).

15. Advent has used the ‘867 Mark in interstate commerce in the United States continuously since at least as early as 2005 in connection with the provision, offering for sale, sale, marketing, advertising, and promotion of the ‘867 Mark Goods.

16. Registration No. 2,760,872 for the trademark ADVENT (the “‘872 Mark”) was issued on September 9, 2003, for the following services in Class 42:

"Computer services, namely, installation and maintenance of computer software; technical consultation with respect to computer software; computer consulting and advisory services, namely, computer systems implementation, systems integration, systems implementation consultation, and education and training in the use of software applications" (the "'872 Mark Services").

17. Advent has used the '872 Mark in interstate commerce in the United States continuously since at least as early as 1990 in connection with the provision, offering for sale, sale, marketing, advertising, and promotion of the '872 Mark Services.

18. Registration No. 2,517,374 for the trademark ADVENT (the "'374 Mark") was issued on December 11, 2001, for the following goods in Class 9: "Computer software, and manuals sold as a unit, for use in the fields of financial management, investment tracking, portfolio analysis, portfolio management, investment reporting, investment performance measurement, financial instrument trades tracking, account reconciliation and accounting; computer software, and manuals sold as a unit, for transmitting information related to investment tracking portfolio and data analysis and management, investment reporting, or investment performance measurement via electronic communications networks" (the "'374 Mark Goods").

19. Advent has used the '374 Mark in interstate commerce in the United States continuously since at least as early as 1990 in connection with the provision, offering for sale, sale, marketing, advertising, and promotion of the '374 Mark Goods.

20. Registration No. 2,788,032 for the trademark ADVENT (the "'032 Mark") was issued on December 2, 2003, for the following services: Class 42 - application service provider services, namely, hosting computer software applications on a computer server for a global computer network (the "'032 Mark Services").

21. Advent has used the ‘032 Mark in interstate commerce in the United States continuously since at least as early as 2001 in connection with the provision, offering for sale, sale, marketing, advertising, and promotion of the ‘032 Mark Services.

22. Registration No. 3,913,847 for the trademark ADVENT SOFTWARE (the "‘847 Mark") was issued on February 1, 2011, for the following goods: "Class 9 - research management software, namely, computer software for the collection, editing, organizing, modifying, bookmarking, transmission, storage and sharing of data and information" (the "‘847 Mark Goods").

23. Advent has used the ‘847 Mark in interstate commerce in the United States continuously since at least as early as 2010 in connection with the provision, offering for sale, sale, marketing, advertising, and promotion of the ‘847 Mark Goods.

24. The United States trademark registrations for all of the ADVENT Marks have become incontestable within the meaning of Section 15 of the Lanham Act, 15 U.S.C. § 1065.

25. As a result of Advent's widespread, continuous, and exclusive use of the ADVENT Marks to identify their associated goods or services, and to identify Advent as their source, Advent owns valid and subsisting federal statutory and common law trademark rights in and to the ADVENT Marks.

26. The ADVENT Marks are distinctive to both the consuming public and within Advent's trade.

27. Advent has expended substantial time, money, and resources marketing, advertising, and promoting the goods and services provided, offered for sale, and sold under the ADVENT Marks.

**DEFENDANTS' INFRINGING MARK**

28. Plaintiff is informed and believes, and thereon alleges, that Advent AI is a software developer that specializes in creating advanced software solutions driven and enhanced by AI. In its LinkedIn profile, Advent AI promotes itself as "an innovative AI solutions startup transforming industries with cutting-edge technology and empowering its partners and customers to harness the full potential of artificial intelligence."

29. Advent AI operates a website at www.adventai.net. On that site, it promotes itself as a company that "builds products and capabilities for organizations operating in complex, knowledge-intensive environments." It also states on the website that it is "especially interested" in working with professional service organizations with certain specified needs.

30. On April 8, 2024, Advent AI applied with the USPTO to obtain a registration of the service mark "Advent AI" (herein the "Infringing Mark"). The mark sought to be registered consisted of the stylized wording "ADVENT AI," with "ADVENT" shown in lower case characters in teal with a dot under the "a" in orange and "AI" comprised of a capitalized "A" without the cross line and a lower case "I" shown at an angle with the "A" and the dot above the "I" shown in orange and the "I" without the dot shown in teal.

30. In its initial trademark application, Advent AI represented that it had first used the mark in commerce on January 31, 2024 and sought to register the mark under Class 42 for use, among other things, as an "[a]pplication service provider, namely, hosting, managing, developing, analyzing, and maintaining applications, software and web sites of others in the fields of Justice and legal, Energy, Financial Services, Government Services, Non-profit, Application Development, Communications."

31. Advent AI subsequently amended its application but continued to reference that it intended to compete in financial services sector, specifically describing its services as, among other things, "[s]oftware using artificial

intelligence in the fields of justice and legal, energy, financial services and government services."

32. Advent AI amended its application yet again, this time eliminating any reference to sectors to which it intended to market and thereby, *broadening* its description of services.

33. Advent filed an opposition to Advent AI's trademark application for the Infringing Mark with the Trademark Trial and Appeal Boad ("TTAB") of the USPTO, and that matter is currently pending before the TTAB as Opposition No. 91/305,690.

**COUNT ONE**

**TRADEMARK INFRINGEMENT**

Under Section 32 of the Lanham Act

(15 USC § 1114)

34. Plaintiff hereby incorporates by reference and realleges each and every allegation set forth in paragraphs 33 above.

35. Section 32(1)(a) of the Lanham Act, 15 U.S.C. § 1114(1)(a), prohibits any person from using in commerce, without the consent of the registrant, any trademark or any reproduction, counterfeit, copy, or colorable imitation thereof in connection with the marketing, advertising, distribution, or sale of goods or services which is likely to result in confusion, mistake, or deception.

36. Defendant has used the Infringing Mark in connection with sale of goods and services without Plaintiff's consent or authorization. Specifically, Defendant is infringing all of Plaintiff's registered ADVENT Marks identified above.

37. Defendant's sale, offer for sale, and/or distribution of its goods or services in connection with the Infringing Mark is likely to cause confusion and mistake in the mind of the public, leading the public to believe that Defendant's

products emanate or originate from Plaintiff, or that Plaintiff has approved, sponsored, or otherwise associated itself with Defendant or her infringing products.

38. Through the unauthorized use of Plaintiff's registered ADVENT Marks, Defendant is unfairly benefiting from and misappropriating Plaintiff's goodwill and reputation, resulting in substantial and irreparable injury to the public and to Plaintiff.

39. Defendant's acts constitute trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

40. At all relevant times, Defendant had actual and direct knowledge of Plaintiff's prior use and ownership of its ADVENT Marks. Defendant's conduct is therefore willful and reflects Defendant's intent to exploit the goodwill and strong brand recognition associated with Plaintiff's trademarks.

41. Defendant's wrongful acts will continue unless enjoined by this Court.

42. Defendant's acts have caused, and will continue to cause, irreparable injury to Plaintiff, which has no adequate remedy at law. Plaintiff is entitled to an injunction restraining Defendant, its agents, employees, representatives and all persons acting in concert with Defendant from engaging in further such acts of infringement.

43. As a result of Defendant's wrongful conduct, Plaintiff has suffered, and will continue to suffer, damages. Plaintiff is entitled to recover damages in an amount to be proven at trial.

44. Defendant has obtained unjust profits, gains and advantages as a result of its infringement, and will continue to realize unjust profits, gains and advantages as a result of its infringement as long as such infringement is permitted to continue. Plaintiff is entitled to recover from Defendant Defendant's profits, in an amount to be proven at trial.

**COUNT TWO**

**UNFAIR COMPETITION, FALSE DESIGNATION OF ORIGIN and FALSE DESCRIPTIONS AND REPRESENTATIONS**

Under Section 43(a) of the Lanham Act

(15 USC 1125(a))

45. Plaintiff hereby incorporates by reference and realleges each and every allegation set forth in paragraphs 1 through 44 above.

46. Defendant's unauthorized use in commerce of Plaintiff's ADVENT Marks, in connection with the distribution, advertising, promotion, offering for sale, and/or sale of Defendant's infringing products and services constitutes use of a symbol or device that is likely to cause confusion, mistake, or deception as to the affiliation or connection of Defendant with Plaintiff and as to the origin, sponsorship, association, or approval of Defendant's infringing products in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

47. Defendant's actions as alleged herein, including but not limited to its unauthorized use in commerce of the confusingly similar Infringing Mark mark, constitutes use of a false designation of origin and misleading description and representation of fact that is likely to cause confusion, mistake, or deception as to the affiliation or connection of Defendant with Plaintiff and as to the origin, sponsorship, association, or approval of Defendant's infringing products and services in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

48. At all relevant times, Defendant had actual and direct knowledge of Plaintiff's prior use and ownership of its ADVENT Marks. Defendant's conduct is therefore willful and reflects Defendant's intent to exploit the goodwill and strong brand recognition associated with Plaintiff's ADVENT Marks.

49. Defendant's wrongful acts will continue unless enjoined by this Court.

50. Defendant's acts have caused, and will continue to cause, irreparable injury to Plaintiff, which has no adequate remedy at law. Plaintiff is entitled to an

injunction restraining Defendant, its agents, employees, representatives and all persons acting in concert with it from engaging in further such acts of infringement.

51. As a result of Defendant's wrongful conduct, Plaintiff has suffered, and will continue to suffer, damages. Plaintiff is entitled to recover damages in an amount to be proven at trial.

52. Defendant has obtained unjust profits, gains and advantages as a result of its infringement, and will continue to realize unjust profits, gains and advantages as a result of its infringement as long as such infringement is permitted to continue. Plaintiff is entitled to recover from Defendant Defendant's profits, in an amount to be proven at trial.

## COUNT THREE

## Unfair Competition Under California Unfair Business Practices Act and Common Law

53. Plaintiff hereby incorporates by reference and realleges each and every allegation set forth in paragraphs 1 through 44 above. `

54 Plaintiff's ADVENT Marks have acquired secondary meaning indicative of origin, relationship, sponsorship and/or association with Plaintiff.

55. The purchasing public is likely to misattribute Defendant's use of the Infringing Mark as a source of origin, authorization and/or sponsorship by Plaintiff. The purchasing public is likely to purchase goods from Defendant based on the purchasing public's erroneous beliefs about the source of origin, authorization and/or sponsorship by Plaintiff of these goods.

56. Defendant's actions constitute unlawful passing off under California's common law of unfair competition.

57. Defendant's appropriation, adoption and use of the ADVENT Marks in connection with the sale and offering for sale of unauthorized goods and services is deceptive, unfair, fraudulent, and likely to confuse or mislead consumers into

believing that Defendant's goods are authorized, licensed, or approved by Plaintiff. Defendant's acts constitute a violation of the California Unfair Business Practices Act, Cal. Bus. & Prof. Code, § 17200, et seq.

58. Plaintiff is informed and believes, and thereon alleges, that the deceptive, unfair, and fraudulent practices set forth herein have been undertaken with knowledge by Defendant, willfully, and with the intention of causing harm to Plaintiff's goodwill and business reputation.

59. As a direct and proximate result of Defendant's unlawful infringement, Plaintiff has suffered damages and will continue to suffer damages in an amount that is not presently ascertainable but will be proven at trial. Plaintiff is entitled to all available relief provided for in California Unfair Business Practices Act, Cal. Bus. & Prof. Code, § 17200, et seq., including permanent injunctive relief.

**COUNT FOUR**

**Federal Dilution**

(15 U.S.C. § 1125(c))

60. Plaintiff hereby incorporates by reference and realleges each and every allegation set forth in paragraphs 59 above.

61. Plaintiff's ADVENT marks are distinctive and famous within the meaning of the Trademark Dilution Revision Act of 2006, 15 U.S.C. § 1125(c), and were famous prior to Defendant's adoption of the Infringing Mark and its use of that Infringing Mark on Defendant's services.

62. Defendant's conduct is likely to cause dilution of the ADVENT Marks by diminishing their distinctiveness in violation of the Trademark Dilution Revision Act of 2006, 15 U.S.C. § 1125(c).

63. As a direct and proximate result of Defendant's conduct, Plaintiff is entitled to recover up to treble the amount of Defendant's unlawful profits and

Plaintiff's damages, and an award of attorney's fees under 15 U.S.C. §§ 1116(a), 1117(a), and 1125(c).

64. Plaintiff is entitled to injunctive relief pursuant to 15 U.S.C. §§ 1116(a) and 1125(c) that requires Defendant to stop promoting, distributing, offering, and selling services bearing the ADVENT Marks, and any other mark or design similar to the ADVENT Marks.

## **PRAYER**

WHEREFORE, Plaintiff prays as follows:

A. For judgment that Defendant:

(i) has violated Section 32(1)(a) of the Lanham Act, 15 U.S.C. § 1114(1)(a);

(ii) has violated Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a);

(iii) has violated the California Unfair Business Practices Act, Cal. Bus. & Prof. Code, § 17200, et seq.; and

(iv) has violated 15 U.S.C. § 1125(c).

B. That an injunction be issued enjoining and restraining Defendant and each of its officers, agents, servants, employees, and attorneys, and all those in active concert or participation with it from:

(i) Using ADVENT Marks, or any other reproduction, counterfeit, copy or colorable imitation thereof, including but not limited to the Infringing Mark ADVENT AI, on or in connection with any goods or services;

(ii) Using any simulation, reproduction, counterfeit, copy, or colorable imitation of the ADVENT Marks, including but not limited to the Infringing Mark ADVENT AI, in connection with the promotion, advertisement, display, sale, offer for sale,

manufacture, production, importation, circulation, or distribution of any products or services;

(iii) Making any statement or representation whatsoever, or using any false designation of origin or false description, or performing any act, which can or is likely to lead the trade or public, or individual members thereof, to believe that any products or services manufactured, distributed, or sold by Defendant are in any manner associated or connected with Plaintiff, or are sold, manufactured, licensed, sponsored, approved, or authorized by Plaintiff; and

(iv) Effecting assignments or transfers, forming new entities or associations, or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in subparagraphs (i) through (iii).

C. For an assessment of:

(i) damages suffered by Plaintiff, trebled, pursuant to 15 U.S.C. § 1117 (a) and (b);

(ii) all illicit profits that Defendant derived while using infringements of Plaintiff's trademarks, trebled, pursuant to 15 U.S.C. § 1117 (a) and (b);

(iii) an award of Plaintiff's costs and attorneys' fees to the full extent provided for by Section 35 of the Lanham Act, 15 U.S.C. § 1117.

D. For punitive damages according to proof.

E. For costs of suit, and for such other and further relief as the Court shall deem appropriate.

Dated: June 22, 2026 LEECH TISHMAN NELSON HARDIMAN

By: /s/ Allen B. Grodsky
Allen B. Grodsky

Attorneys for Plaintiff
Advent Software, Inc.

**DEMAND FOR JURY TRIAL**

Plaintiff Advent Software, Inc. hereby demands trial by jury of this matter.

Dated: June 22, 2026

LEECH TISHMAN NELSON HARDIMAN

By: /s/ Allen B. Grodsky
Allen B. Grodsky

Attorneys for Plaintiff
Advent Software, Inc.